# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cr-128-JDR

UNITED STATES,

*Plaintiff*,

*versus*

KEDRICK SHANE MARSHALL,

*Defendant*.

## OPINION AND ORDER

Defendant Kedrick Shane Marshall asks the Court to reconsider its opinion and order [Dkt. 23] denying his motion to suppress. Dkt. 27. Officers found a gun in Mr. Marshall's back pocket during a pat down search following a traffic stop. Mr. Marshall seeks reconsideration to correct a clear error and prevent manifest injustice, stating that "multiple facts used as justification for the stop and frisk … were new pieces of information not covered in the parties' briefs, were not in the reports … and were not in video footage." *Id.* at 2. Reconsideration should only be granted where there is: "'(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). The Government opposes the motion. Dkt. 28. The motion is denied.

Mr. Marshall first argues that Officer Vernon's knowledge that Mr. Marshall was affiliated with a gang or had a prior criminal history does not amount to probable cause to frisk. Dkt. 27 at 2-3. Second, Mr. Marshall makes

No. 25-cr-128

the distinction that Officer Vernon described a smell associated with previous opiate use, not current and ongoing use. *Id.* at 3. Third, Mr. Marshall argues that Officer Vernon's testimony—that Ms. Willson's request to remove Mr. Marshall from the car before searching it led him to believe Mr. Marshall might be armed—is "sheer speculation." *Id.* And finally, Mr. Marshall points out that the Court incorrectly stated that Officer Vernon spoke with Mr. Marshall through the window[1], when, in fact, the passenger door was open. *Id.*

Mr. Marshall does not identify any "new pieces of information" that were unavailable to him or to the Court. Instead, he takes issue with Officer Vernon's interpretation of certain facts at the scene. But the Court is required to "defer to all reasonable inferences made by law enforcement officers in light of their knowledge and professional experience distinguishing between innocent and suspicious actions." *United States v. Pettit*, 785 F.3d 1374, 1379 (10th Cir. 2015) (citations omitted). It was reasonable for Officer Vernon to attribute the "vinegar-like" odor to previous opiate use based on his experience. It was also reasonable for Officer Vernon to find Ms. Willson's odd request to remove Mr. Marshall from the car as indication that he may be armed. And it was certainly reasonable for Officer Vernon to factor his

---

[1] The prior opinion and order stated: "As Officer Vernon approached the passenger side of the car, Mr. Marshall rolled down the window so that they could speak." Dkt. 23 at 2. Later in the opinion, the Court noted that "Officer Vernon opened the passenger door and asked Mr. Marshall to get out of the car, which he did." *Id.* The Court has reviewed Officer Vernon's body camera footage and the passenger door was open both times Officer Vernon spoke to Mr. Marshall. Mr. Marshall argues that this distinction is significant because "Officer Vernon had full visibility on Mr. Marshall, noting no contraband, weapons, or nervous/evasive/fidgety behavior on the part of Mr. Marshall." Dkt. 27 at 3. But neither the presence nor absence of contraband or weapons, nor Mr. Marshall's behavior, factored into the Court's probable cause analysis. Thus, whether Officer Vernon spoke to Mr. Marshall through an open window or an open door was immaterial.

No. 25-cr-128

knowledge of Ms. Willson and Mr. Marshall's criminal histories into his probable cause analysis based on his previous interactions with both.[2]

To determine whether an officer has reasonable suspicion to conduct a frisk, the Court looks to the totality of the circumstances surrounding the interaction. *United States v. Davis*, 636 F.3d 1281, 1290 (10th Cir. 2011) (citation omitted). Mr. Marshall argues that his prior criminal history, the "vinegar-like" odor, and Mr. Willson's request to remove him from the car separately do not amount to probable cause. But the Court considered the totality of the information available to Officer Vernon leading up to the frisk: Officer Vernon's knowledge of the criminal history of both Ms. Willson and Mr. Marshall, knowledge of Mr. Marshall's gang affiliation, Ms. Marshall's nervous demeanor, a "vinegar-like" odor (which Officer Vernon attributed to sweating out opiates), Ms. Willson's request to remove Mr. Marshall from the car before searching it, and general safety concerns for the officers. And based on the totality of these circumstances, the Court determined that Officer Vernon had probable cause to frisk Mr. Marshall.

Mr. Marshall does not raise arguments that require the Court to reconsider its prior order. The motion is denied.

SO ORDERED.

DATED this 16th day of June 2025.

JOHN D. RUSSELL
*United States District Judge*

---

[2] Based on Officer Vernon's conversations with Ms. Willson, Mr. Marshall, and the other officers, it was clear that Officer Vernon had interacted with Ms. Willson and Mr. Marshall before. Dkt. 19.